IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATEBORO DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | * | |
| Plaintiff, | * | CV 616-060 |
| v. | * | |
| SHERRY BAILEY, | * | |
| Counterclaimant/Defendant | * | |
| v. | * | |
| SHARMON HOWARD, KENNETH MOON, JR., JAMES BAILEY and RANDALL BAILEY | * | |
| Defendants. | * | |

# O R D E R

Presently before the Court is a motion for judgment on the pleadings filed by Prudential Insurance Company of America ("Prudential"). (Doc. 25.) The Court **DENIES IN PART** and **GRANTS IN PART** Prudential's motion.

## I. Background

Prudential provided a life insurance policy to Russell Bailey (the "Policy"). Sherry Bailey was Russell Bailey's wife and the beneficiary of the Policy. On June 24, 2015, Russell Bailey died. On June 26, 2015, Sherry Bailey made a claim on the Policy.

The Policy contained $332,000.00 of term life coverage and $332,000.00 of accidental death coverage. On January 21, 2016, Prudential settled the term life portion of the Policy and placed $343,420.50 into a Prudential Alliance Account (the "Account") in Sherry Bailey's name. The "Alliance Payment Notification" sent to Sherry Bailey described the Account as follows:

> We have approved your group life insurance claim and have settled your benefit through Prudential's Alliance Account settlement option. An interest bearing account has been established in your name. . . . With the Alliance Account, you can access your money immediately by writing a draft for the amount you'd like to withdraw. You can withdraw the entire amount immediately, which will close the account, or you can write drafts as needed. Any balance you maintain will earn continuous interest.

(Doc. 28-1, at 12.)

On January 26, 2016, a grand jury indicted Sherry Bailey for the murder of Russell Bailey. Between January 29, 2016, and February 3, 2016, Sherry Bailey wrote three checks withdrawing a total of $83,855.50 from the Account. On February 8, 2016, Prudential notified Sherry Bailey that it had frozen the Account. Sherry Bailey claims that the Account contained at least $259,616.51 at the time Prudential imposed the freeze.

On May 25, 2016, Prudential filed an interpleader complaint in this Court seeking to enjoin Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey as potential beneficiaries under the Policy. Simultaneously, it moved to "deposit into the

2

Registry of this Court a total of death benefits in the amount of $591,564.90, plus applicable claim interest, if any (the 'Death Benefit') that is due and payable as a result of the death of Russell Bailey, who was insured under [the Policy] . . . ." (Doc. 3 at 1.) Prudential made no mention of any distributions to Sherry Bailey under the Policy or the $83,855.50 Sherry Bailey had already collected under the Policy.[1] On May 26, 2016, this Court granted Prudential's motion.

Sherry Bailey filed an answer and counterclaim on August 31, 2016. In her counterclaim she alleges that Prudential illegally took $259,616.51 from her Account and placed it into the Court's Registry without her permission. She also alleges claims for fraud and breach of contract related to her agreement with Prudential to place the distributed term life benefits into the Account.

On December 21, 2016, Prudential moved for judgment on the pleadings. In its motion, Prudential asks the Court to: (1) discharge it "from any and all liability" to Sherry Bailey, Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey; (2) discharge it from liability for all claims relating to the Policy; (3) enjoin any claims against it relating to the

---

[1] Based on Sherry Bailey's allegations, the Court concludes that $591,564.90 was the sum of Russell Bailey's $332,000.00 accidental death coverage (plus applicable interest) and his $332,000.00 term life coverage (plus applicable interest), less the $83,855.50 previously withdrawn by Sherry Bailey.

Policy; (4) dismiss with prejudice all claims against it relating to the Policy, including Sherry Bailey's counterclaim; and (5) award it reasonable legal fees and costs. (Doc. 25 at 1-2.)

## II. Discussion

At the outset, the Court notes that this case is not as clear cut as Prudential would lead the Court to believe. Prudential would have the Court believe that it is an innocent party who wants to pay its contractual obligations but simply does not know who it needs to pay. Sherry Bailey's counterclaim, however, casts serious doubt on Prudential's narrative.

In her counterclaim, Sherry Bailey alleges that Prudential was not entirely forthcoming in its interpleader complaint and motion to deposit funds. Specifically, she claims that Prudential stole approximately $259,000.00 from the Account and placed it in the Court's Registry. She also claims that Prudential did not give her notice prior to depositing the disputed funds in the Court's Registry. These claims significantly complicate Prudential's interpleader action and raise questions about the validity of the Court's Order accepting the disputed funds.

After reviewing the motions and pleadings filed in this case, the Court takes the following actions. First, it **RELEASES** back to Prudential all the funds it accepted on its Order dated

4

May 26, 2016. Second, it **DENIES IN PART** and **GRANTS IN PART** Prudential's interpleader request. Third, it **DENIES** Prudential's request for a discharge and injunction. Fourth, it **DENIES IN PART** and **GRANTS IN PART** Prudential's motion for judgment on the pleadings. Fifth, it **DENIES** Prudential's request for attorneys' fees.

**A. Registry Funds**

The Court first addresses Prudential's request to deposit funds into the Court's Registry.[2] Federal Rule of Civil Procedure 67 details the procedure for depositing funds into the Court's Registry. It states that "[i]f any part of the relief sought is . . . the disposition of a sum of money . . . a party — <u>on notice to every other party and by leave of the court</u> — may deposit with the court all or part of the money . . . ." Fed. R. Civ. P. 67(a) (emphasis added). Prudential, however, gave no notice to the other parties of its intent to deposit funds in the Court's Registry, and the other parties were not provided an opportunity to respond to Prudential's motion. Thus, Prudential's request was prematurely granted. Accordingly, the

---

[2] In disputing Sherry Bailey's conversion and fraud claims, Prudential repeatedly asserts that the Court "ordered" it to pay the disputed funds into the Court's Registry. (Doc. 25, at 8, 10, 11; Doc. 30, at 1, 2, 3, 7, 8, 9.) The Court reminds Prudential, however, that it issued this order only <u>after</u> Prudential asked the Court for permission to deposit the disputed funds into the Registry. Furthermore, it granted Prudential's request because Prudential created the impression that it had not yet distributed the funds it sought to deposit. But that impression has since been challenged. Thus, the Court rejects Prudential's attempts to hide behind its Order.

5

Court **VACATES** its previous order (doc. 8) and **INSTRUCTS** the Clerk to return to Prudential the funds it previously accepted. The Court, however, **GRANTS** Prudential leave to re-file its request providing proper notice to the opposing parties.

**B. Interpleader Complaint**

The Court next addresses Prudential's request for interpleader. Interpleader is a "remedial joinder device" which "allows a stakeholder who is uncertain if and to whom he is liable for money or property held by him to join those who are or might assert claims against him." 22 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1702, p. 533 (3d ed. 2001) (hereinafter Federal Practice). It is authorized by Federal Rule of Civil Procedure 22, which states, "persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).

Courts apply the interpleader remedy in two stages. 22 Federal Practice, § 1714 at 624. In the first stage, courts must determine whether the requesting party has the right "to compel the claimants to litigate their claims to the stake in one proceeding." Id. at 624-25. If a court allows interpleader, it must then join the proposed defendants to the litigation and instruct them to interplead. Id. After the parties interplead, the Court may proceed to the second stage and determine "the respective rights of the claimants to the

stake." Id. at 628. At this point, each claimant is adverse to the others and must prove its right to the disputed stake. Id.

The Court is currently in the first stage, where Prudential must prove that it is entitled to join Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey as defendants in this litigation. The Court concludes Prudential has met its burden. Prudential is the stakeholder of, at a minimum, $332,000.00 of undistributed accidental death benefits. Sherry Bailey is currently the beneficiary, but her indictment for Russell Bailey's murder casts legitimate doubt on her right to collect. If she cannot collect, Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey could all potentially be the proper beneficiaries. In other words, Prudential has a finite amount of funds that is being claimed by multiple persons who might be entitled to the funds. If Prudential distributes the money incorrectly, it could face lawsuits by any of the jilted claimants. This is the definition of multiple liability.

Because Prudential has demonstrated that it faces multiple liability, the Court **GRANTS** Prudential's interpleader request and joins Sherry Bailey, Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey as defendants in this litigation. The Court, however, only **GRANTS** interpleader with respect to the $332,000.00 (plus applicable interest) of undistributed accidental death coverage. The Court **DENIES**

Prudential's interpleader with respect to the $279,465.70 Prudential allegedly removed from the Account. If the Court later determines that Prudential rightfully possessed these funds, Prudential may then request interpleader with respect to them. Accordingly, the Court now enters the second stage of interpleader and **ORDERS** the above defendants to interplead. Thus, Sherry Bailey, Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey **SHALL** enter pleadings establishing their adversity to one another and stating their claims to the $332,000.00 of undistributed accidental death funds **WITHIN 21 DAYS** of this Order. See 22 Federal Practice, § 1715 at 632 ("If interpleader is ordered, each claimant should respond to the claims of the other claimants by denying their validity so that issue is joined.").

**C. Motion to Discharge and Enjoin**

Prudential also requests the Court discharge it from the case and enjoin Defendants from further suit in this Court or any other court. "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court also may make any other order that is appropriate and convenient for the resolution of the competing claims." 22 Federal Practice, § 1714 at 627.

The Court declines to discharge Prudential or enjoin Defendants. The Court will not discharge Prudential because it is not a disinterested party. Sherry Bailey has made a plausible counterclaim for conversion and fraud that cannot yet be dismissed, and the Court's determination of her claim might result in additional claims against Prudential by the other Defendants. Neither will the Court enjoin further suits against Prudential because Prudential has not convinced this Court that it is entitled to such relief.

**D. Motion for Judgment on the Pleadings**

The Court now addresses Prudential's motion for judgment on the pleadings. "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010). When considering a motion for judgment on the pleadings, the court must "accept as true all material facts alleged in the non-moving party's pleading, and [ ] view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

Prudential challenges every claim made by Sherry Bailey. It claims that (1) her claim for conversion must fail; (2) her claim for punitive damages must fail; (3) her claim for fraud must fail; and (4) Prudential has acted in good faith at all times.

**1. Conversion**

Prudential makes two arguments against Sherry Bailey's conversion claim. First, Prudential argues that it did not commit the tort of conversion because it "did not convert the funds for its own use." (Doc. 25 at 8.) Second, Prudential argues that it "has no funds in its possession payable by reason of the death of Russell Bailey, so there can be no conversion or breach of contract." (Id.)

Prudential's arguments fail, however, because they rely on a mischaracterization of the situation. Prudential essentially asserts that it gained nothing when it froze the Account and placed the Account's funds in the Court's Registry. But, taking Sherry Bailey's claims as true, the Court cannot agree with Prudential's characterization. Sherry Bailey claims that Prudential distributed Russell Bailey's term life benefits to her and placed them in an account in her name. Had Sherry Bailey spent these funds and then been convicted of murdering Russell Bailey, Prudential might have faced liability from other beneficiaries for negligently distributing the term life benefits. By clawing back the funds it ostensibly distributed

10

to Sherry Bailey and placing them in the Court's Registry, Prudential limited any double liability it might face from other beneficiaries and thereby converted the funds to its own use.

Additionally, Prudential's possession argument fails. Even assuming arguendo that Prudential does not have constructive possession of the funds it placed in the Court's Registry, Prudential only lacks physical possession of the funds because it failed to fully disclose the nature and history of the funds it sought to deposit. Had Prudential been transparent about how it obtained the funds it sought to deposit, the Court would not have allowed them in the Registry absent approval of the other parties. Indeed, in this Order the Court has already ordered the Clerk to return the disputed funds to Prudential. Thus, even if Prudential did have a leg to stand on, it has a leg no more. Prudential now has possession of Sherry Bailey's allegedly converted funds and it is potentially liable for conversion. The Court therefore **DENIES** Prudential's motion for judgment on the pleadings with regards to Sherry Bailey's counterclaim for conversion.

### 2. Fraud

When pleading fraud in federal court, plaintiffs must state their claims with particularity. Fed. R. Civ. P. 9(b). Under Georgia law, "[t]he tort of fraud has five elements: . . . (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4)

justifiable reliance by the plaintiff; and (5) damage to the plaintiff." Artzner v. A & A Exterminators, Inc., 531 S.E. 2d 200, 204 (Ga. Ct. App. 2000).

Prudential claims that Sherry Bailey has not pled the essential elements of fraud and has not pled with specificity. It also claims "there is no evidence Prudential made a false representation to Sherry Bailey and she has wholly failed to show injury of any kind." (Doc. 25 at 9.) Once again, Prudential is incorrect.

Sherry Bailey alleges that Prudential told her it was distributing benefits to her and assured her that her money would be secure in the Account. She also alleges that these assurances induced her to place her money in the Account, that her reliance was justifiable, and that she suffered damage — Prudential unilaterally removed all the money from her Account. Thus, Sherry Baily established the elements of fraud.

Sherry Bailey also pleaded with particularity. She cited descriptions provided by Prudential that she alleges were false representations of the Account, she stated why she believed she had justifiable reliance, and she attached the forms that allegedly induced her to allow Prudential to place her benefits in the Account. Sherry Bailey therefore satisfied the pleading requirements for fraud. Accordingly, the Court **DENIES** Prudential's motion for judgment on the pleadings with regard to Sherry Bailey's fraud claim.

### 3. Punitive Damages

"Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). A plaintiff may recover punitive damages for the tort of conversion. Taylor v. Powertel, Inc., 551 S.E.2d 765, 768 (Ga. Ct. App. 2001). A plaintiff may also recover punitive damages for the tort of fraud. O.C.G.A. § 51-12-5.1; see Tankersley v. Baker, 651 S.E. 2d 435, 438 (Ga. Ct. App. 2007).

Prudential argues that that Sherry Bailey has not properly pled her punitive damages claim and that her pleadings do not support the finding of punitive damages. The Court disagrees. Sherry Bailey has alleged that Prudential willfully removed money from her account in violation of state law. She also alleges, in the alternative, that Prudential committed fraud when it removed money from the Account after assuring her that the money in the Account would be "secure"; "[her] money"; and "[her] funds." (Doc. 18, at 4.) Thus, accepting Sherry Bailey's facts as true, she has plead facts alleging "willful misconduct" and "fraud" sufficient to survive Prudential's motion for judgment on the pleadings. The Court therefore

**DENIES** Prudential's motion for judgment on the pleadings with regard to Sherry Bailey's punitive damages claim.

**4. Good Faith**

Prudential argues that O.C.G.A. § 33-24-41 discharges it from any liability. Section 33-24-41 states:

> Whenever the proceeds of . . . a life . . . insurance policy . . . become payable . . . and the insurer makes payment of the proceeds . . . the payments shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received . . . written notice . . . [that another] person claims to be entitled to the payment or some interest in the policy or contract.

Prudential appears to argue that because it prohibited the payment of funds after Sherry Bailey's indictment, it is protected from liability by § 33-24-41. But this argument is flawed. Even assuming, arguendo, that Prudential correctly interpreted § 33-24-41, Sherry Baily has pled facts which make a judgment for motion on the pleadings improper. Prudential insists on operating under the assumption that it had not paid Sherry Bailey in full and was merely making payments to her each time it honored her checks. Sherry Bailey, however, alleges that Prudential distributed Russell Bailey's term life benefits to her in full on January 21, 2016. The parties, therefore, are asserting nearly polar opposite positions, and the Court cannot grant Prudential's judgment on the pleadings.

Nevertheless, the true problem with Prudential's argument is that Prudential has misinterpreted § 33-24-41. Indeed, § 33-

24-41 is wholly inapplicable to the present situation because it only addresses situations where an insurance company pays a claim to the rightful beneficiary and <u>then</u> receives notice of another claimant. The statute declares that in such a case, the insurance company will be discharged "from <u>all claims</u> under the policy," unless, <u>prior to paying the claim</u>, it had received written notice that another claimant was asserting a right to payment. O.C.G.A. § 33-24-41 (emphasis added). It thus protects insurance companies from claimants who belatedly challenge the distribution of proceeds. This, however, is not the scenario presented in Sherry Bailey's counterclaim.

Sherry Bailey's counterclaims are for conversion, fraud, and breach of contract. She alleges Prudential distributed money to her and then illegally took it out of the Account. She also alleges Prudential lied to her about the terms of the Account. Finally, she alleges that by withdrawing the money from the Account, Prudential breached the contract it formed upon releasing the Policy's term life coverage benefits to her. None of these claims assert that Prudential distributed payments to another beneficiary after Sherry Bailey gave notice that she was a claimant on the Policy. Thus, Prudential is wrong to assert that § 33-24-41 blocks any liability for Sherry Bailey's counterclaims, and the Court **DENIES** Prudential's motion for judgment on the pleadings with regards to Sherry Bailey's claims for attorney's fees under the Georgia Bad Faith statute.

### E. Attorney's Fees

Finally, Prudential requests attorneys' fees for filing the interpleader claim. "A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." Federal Practice, § 1719 at 675. The Eleventh Circuit has declared, however, that attorneys' fees are not warranted "when a stakeholder's interpleader claim arises out of the normal course of business." <u>In re Mandalay Shores Co-op. Housing Ass'n, Inc.</u>, 21 F.3d 380, 383 (11th Cir. 1994). It has further declared that an insurance company which "avails itself of interpleader to resolve disputed claims to insurance proceeds" does not deserve attorneys' fees because "[u]nlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business . . . ." <u>Id.</u>

Prudential is an insurance company and its interpleader claim arises out of its normal course of business. The Court therefore **DENIES** Prudential's claim for attorneys' fees related to its interpleader claim.

### III. Conclusion

To conclude, the Court makes the following rulings. First, it **ORDERS** the Clerk of Court to **RELEASE** to Prudential all funds it accepted into the Court's Registry via its Order dated May

16

26, 2016 (doc. 8). Second, it **GRANTS IN PART** and **DENIES IN PART** Prudential's interpleader complaint. It **GRANTS** interpleader with respect to the approximately $332,000.00 of undistributed accidental death benefits (doc. 25) and **DENIES** interpleader with respect to the $279,465.70 that Sherry Bailey alleges Prudential unlawfully converted (doc. 25). The Court thus **ORDERS** Sherry Bailey, Sharmon Howard, Kenneth Moon, Jr., James Bailey, and Randall Bailey to enter pleadings establishing their adversity to one another and stating their claims to the $332,000.00 of undistributed accidental death funds **WITHIN 21 DAYS** of this Order. Third, it **DENIES** Prudential's motion to discharge it from the case and enjoin defendants from further legal action (id.). Fourth, it **DENIES** Prudential's motion for judgment on the pleadings on all claims (id.). Fifth, it **DENIES** Prudential's motion for attorneys' fees (id.).

**ORDER ENTERED** at Augusta, Georgia, this 29th day of September, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

17