FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 JUL 24 AM 9:09
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Plaintiff,

v.

SHERRY BAILEY,

Counterclaimant/Defendant

v.

SHARMON HOWARD, KENNETH MOON,
JR., JAMES BAILEY and RANDALL
BAILERY,

Defendants.

CV 616-060

# O R D E R

Before the Court is: (1) Prudential's "Motion to Re-Deposit Accidental Death Benefits and for Clarification and/or Preliminary Injunction Regarding Life Insurance Benefits" (doc. 32) (the "Motion to Deposit"); and (2) Prudential, Sherry Bailey, and James and Randall Bailey's "Joint Motion to Dismiss Defendants Sharmon Howard and Kenneth Moon, Jr." (doc. 40) (the "Motion to Dismiss"). The Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Deposit and it **GRANTS** the Motion to Dismiss.

## I. MOTION TO DISMISS

Prudential, Sherry Bailey, and James and Randall Bailey move to dismiss Defendants Sharmon Howard and Kenneth Moon, Jr. The movants state that Prudential previously received information indicating that Howard and Moon were children of Russell Bailey, but that Prudential subsequently learned that Howard and Moon are not children of Russell Bailey. Furthermore, they assert that "there is no factual scenario under which [Howard and Moon] could be entitled to any of the Plan benefits at issue in this matter." (Doc. 40, at 2.) Howard and Moon concede that "[i]n full candor to the Court and counsel, despite a diligent search, [they] can assert no factual, contractual, regulatory, statutory, decisional, equitable or other opposition to the Motion." (Doc. 42.) Accordingly, the Court **GRANTS** the Motion to Dismiss (doc. 40), and the Clerk **SHALL TERMINATE** Defendants Howard and Moon as parties to this case.

## II. MOTION TO DEPOSIT

After this Court's previous ruling returning to Prudential the disputed accidental death benefits and life insurance benefits it improperly sought to deposit into this Court's Registry (doc. 31), Sherry Bailey sent a letter to Prudential demanding that Prudential pay her "the full amount of the life insurance proceeds of $279,465.70 plus the interest that has

2

accrued since Prudential unlawfully withdrew the money from her [Alliance Account (the "Account")]." (Doc. 32-5.) In response, Prudential seeks the following relief from this Court: (1) authority to re-deposit the $332,000.00 of accidental death benefits into the Court's Registry; (2) an Order "clarify[ing]" its previous Order (doc. 31) and telling Prudential what to do with the $279,465.70 of life insurance benefits; and (3) a preliminary injunction enjoining "Sherry Bailey from depleting Plan benefits to which she may not be entitled . . . ." (Doc. 32, at 11.)

## A. Request to Re-Deposit the Accidental Death Benefits

Prudential seeks to deposit $332,000.00 of undistributed accidental death benefits in light of "the Court's determination of the propriety of interpleader relief for the accidental death benefit." (Doc. 32, at 8.) Defendants James Bailey and Randall Bailey support Prudential's request and ask the Court to "permit [Prudential] to tender the proceeds of both insurance policies into the Registry of this Court." (Doc 35, at 9.) James and Randall Bailey argue that if the Court does not permit Prudential to deposit the accidental death benefits, James and Randall Bailey risk being "deprived of their rightful interest in such funds" and the public policy of the slayer statute will be thwarted. (Id. at 10.)

3

Sherry Bailey, however, objects to the deposit of the accidental death benefits. She argues that because "the life insurance policy and the accidental death policy are governed by the same ERISA Plan terms, the beneficiary will necessarily be the same. Having determined that Sherry Bailey is the proper beneficiary of the life insurance benefits, Prudential waived its right to select another beneficiary and it is estopped from contending that anyone other than Sherry Bailey is the proper beneficiary of the accidental death benefits." (Doc. 38, at 2.)

The Court finds Sherry Bailey's arguments unpersuasive. Federal Rule of Civil Procedure 67 states that "[i]f any part of the relief sought is . . . the disposition of a sum of money . . . a party — on notice to every other party and by leave of the court — may deposit with the court all or part of the money . . . ." Fed. R. Civ. P. 67(a). Prudential provided notice to all the parties of its desire to deposit the accidental death benefits. Additionally, Prudential established good cause to deposit the disputed funds in this Court's Registry. Unlike the life insurance benefits, the accidental death benefits were never actually distributed. Furthermore, the Court has granted Prudential's interpleader action with respect to the accidental death benefits. Accordingly, the Court **GRANTS** Prudential's request to deposit the accidental death benefits and **ORDERS** the Clerk to **ACCEPT** the accidental death benefits into the Court's Registry.

## B. Request for Clarification Regarding the Remaining Life Insurance Benefits

Next, the Court addresses Prudential's request to clarify its previous order. Prudential states that it does not know what to do with the life insurance benefits the Court returned to it last September. According to Prudential "[a]fter careful review of the Court's order, Prudential is uncertain as to how to proceed once the life insurance benefits are refunded. The benefits are indisputably due to an eligible beneficiary(ies), but the correct beneficiary(ies) cannot be determined until Sherry Bailey is either convicted or acquitted of the insured's murder and, if convicted, given the opportunity to appeal." (Doc. 32, at 9.)

First, the Court finds that no clarification is needed. The Court's Order stated that it prematurely granted Prudential's request to deposit funds because Prudential did not give notice to the other parties "and this Court gave the other parties no opportunity to respond to Prudential's motion." (Doc. 31.) Thus, the Court found that Prudential's request to deposit funds under Federal Rule of Civil Procedure 67 was procedurally improper, and the Court returned <u>both</u> the life insurance benefits and the accidental death benefits to Prudential.

Second, the Court will not advise Prudential on what it should do with the life insurance benefits. The Court rejected

5

Prudential's attempt to deposit money because it failed to comply with Rule 67, and Prudential has not requested to re-deposit the life insurance benefits under Rule 67. If Prudential desires further action from this Court, it must request that action in the form of a motion stating the relief requested and the rule or statute supporting its requested relief. Fed. R. Civ. P. 7(b) ("A request for Court order must be made by motion. The motion must: . . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."). The Court's role is to rule upon specific motions making specific requests. It cannot give advisory opinions.

**C. Request for Preliminary Injunction**

Prudential requests a preliminary injunction pursuant to 29 U.S.C. § 1132(a)(3) and Federal Rule of Civil Procedure 65.

**i. 29 U.S.C. § 1132(a)(3)**

29 U.S.C. § 1132(a)(3) states that:

> a civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Prudential argues that it is a "fiduciary" for purposes of § 1132(a)(3) and is therefore entitled to the "equitable relief"

6

of a preliminary injunction enjoining Sherry Bailey from spending any of the disputed insurance proceeds.

Under ERISA,

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Courts which have examined accounts similar to Prudential's Alliance Accounts have found that whether a company remains a fiduciary after distributing money into such an account depends upon whether the payment of money into such an account completes the company's obligations under the terms of the governing policy. See Huffman v. Prudential Ins. Co. of Am., No. 2:10-CV-05135, 2016 WL 5724293, *4-*6 (E.D. Pa. Sept. 30, 2016). Thus, "whether Prudential was acting as a fiduciary when it decided to make payment through its Alliance Accounts . . . will depend in large part on whether making payment in that manner fulfilled Prudential's obligations to the beneficiaries under the plan documents." Id. at *6. In other words, Prudential is no longer a fiduciary if "Prudential discharged its obligations under the terms of the plan[] by making payment through an Alliance Account." Id. at *8.

The Court finds that, based on the arguments presented to the Court at this time, Prudential discharged its obligations

7

once it deposited the entirety of the life insurance benefits into the Account. According to the Policy:

> Insurance payable on account of [Russell Bailey's] death is normally paid to the Beneficiary in one sum. Subject to applicable law, where the amount of the benefit meets Prudential's current minimum requirement, payment in one sum will be made by establishing a retained asset account in the Beneficiary's name, unless the Beneficiary elects another settlement or payment option available at the time of the claim, **and the benefit distribution will be deemed complete when the account is established.** The retained asset account is an interest-bearing draft account backed by the financial strength of Prudential. Funds are held in Prudential's general account or elsewhere as Prudential may direct and an account in the Beneficiary's name is credited interest at a rate set by Prudential's discretion, subject to a minimum rate that will change no more than once every 90 days on advance notice to the Beneficiary. The Beneficiary is provided a draftbook and has immediate access to the entire amount by writing drafts for any amount up to the balance. **The retained asset account is not a bank account and is not insured by the Federal Deposit Insurance Corporation; it is a contractual undertaking between Prudential and the Beneficiary.**

(Doc. 32-1, at 52 (emphasis added).) The Policy clearly states that Prudential discharges it obligations once it establishes an Alliance Account for the Beneficiary. Thus, Prudential ceased to be a fiduciary once it established the Account in Sherry Bailey's name, and it may not seek equitable relief under § 1132(a)(3). Accordingly, the Court **DENIES** Prudential's request for an injunction pursuant to 29 U.S.C. § 1132(a)(3).

### ii. Rule 65

"A district court may grant injunctive relief [under Rule 65] if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered

8

unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1329 (11th Cir. 2002) (citations and quotations omitted). Prudential failed to articulate the above standard, much less articulate any reasons why it meets the above standard. Accordingly, the Court finds that Prudential has not met its burden of persuasion with respect to the four requisites for a preliminary injunction and **DENIES** Prudential's request for a preliminary injunction pursuant to Rule 65.

### III. CONCLUSION

To conclude, the Court **GRANTS** the Motion to Dismiss (doc. 40) and **ORDERS** the Clerk to **TERMINATE** Defendants Sharmon Howard and Kenneth Moon, Jr. as parties to this case. The Court **GRANTS IN PART** and **DENIES IN PART** Prudential's Motion to Deposit. (Doc. 32). Specifically, the Court **GRANTS** Prudential's request to re-deposit the accidental death benefits into the Court's Registry (doc. 32) and **ORDERS** the Clerk to **ACCEPT** the accidental death benefits into the Court's Registry. The Court **DENIES** Prudential's request to clarify its previous order and **DENIES**

9

Prudential's motion for a preliminary injunction under both 29 U.S.C. § 1132(a)(3) and Federal Rule of Civil Procedure 65. (Doc. 32.)

**ORDER ENTERED** at Augusta, Georgia, this 24th day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA